IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANA ALVAREZ, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| 9ER'S GRILL @ BLACKHAWK, | § | CIVIL ACTION NO. H-08-2905 |
| L.L.C. d/b/a 9ER'S GRILL, | § | |
| 9ER'S GRILL @ 359, L.L.C, | § | |
| d/b/a 9ER'S GRILL, and | § | |
| NAZEH S. JASER, Individually, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ana Alvarez, brings this action against defendants, 9ER's Grill @ Blackhawk, L.L.C. d/b/a 9ER's Grill, and 9ER's Grill @ 359, L.L.C. d/b/a 9ER's Grill, and Nazeh S. Jaser, to collect unpaid overtime wages pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b).[1]  Pending before the court are Defendants 9ER's Grill @ Blackhawk, LLC d/b/a 9ER's Grill and Nazeh S. Jaser's Motion for Summary Judgment (Docket Entry No. 20), and Defendants 9ER's Grill @ 359, LLC d/b/a 9ER's Grill's Motion for Summary Judgment (Docket Entry No. 21).  For the reasons explained below, the motion for summary judgment of 9ER's Grill @ 359 will be granted, and the motion for summary judgment of 9ER's Grill @ Blackhawk and Nazeh S. Jaser will be denied.

_____

[1]On May 8, 2009, the court granted the Unopposed Motion to Dismiss Without Prejudice filed by Rey Hernandez (Docket Entry No. 24).

## I.  __Undisputed Facts__

On April 25, 2005, Articles of Incorporation were filed with the Texas Secretary of State for 9ER's Grill @ 359, L.L.C.  The Articles of Incorporation for 9ER's Grill @ 359, L.L.C. state that "[t]he purpose for which the Company is organized is to operate a restaurant business . . .,"[2] "the name of its initial registered agent . . . is NAZEH SALAMEH JASER,"[3] and "[t]he Company is to be managed by its members and the names and address of the initial members are:  ALI SULIMAN QATTOM . . . [and] NAZEH SALAMEH JASER . . ."[4]  Ynhi D. Nguyen is identified as the organizer.[5]

On April 25, 2005, Articles of Incorporation were filed with the Texas Secretary of State for 9ER's Grill @ Blackhawk, L.L.C. The Articles of Incorporation for 9ER's Grill @ Blackhawk, L.L.C. state that "[t]he purpose for which the Company is organized is to operate a restaurant business . . .,"[6] "the name of its initial registered agent . . . is NAZEH SALAMEH JASER,"[7] and "[t]he Company

---

[2]See Articles of Incorporation of 9ER's Grill @ 359, L.L.C., Attachment 2 to Declaration of Douglas Welmaker, Exhibit A attached to Plaintiffs' Response to Defendants' Motions for Summary Judgment, Docket Entry No. 22, Article 3.

[3]__Id.__ at Article 4.

[4]__Id.__ at Article 5.

[5]__Id.__ at Article 6.

[6]See Articles of Incorporation of 9ER's Grill @ Blackhawk, L.L.C., Attachment 4 to Declaration of Douglas Welmaker, Exhibit A attached to Plaintiffs' Response to Defendants' Motions for Summary Judgment, Docket Entry No. 22, Article 3.

[7]__Id.__ at Article 4.

is to be managed by its members and the names and address of the initial members are:  ALI SULIMAN QATTOM[,] . . . NAZEH SALAMEH JASER . . . [, and] ANTON HANNA AWAD."[8]  Ynhi D. Nguyen is identified as the organizer.[9]

On May 13, 2005, Articles of Amendment were filed with the Texas Secretary of State for 9ER's Grill @ Blackhawk, L.L.C., pursuant to which Article 5 was amended to state "[t]he Company is to be managed by a managing member designated by the members and the initial managing member is Nazeh Salameh Jaser. . ."[10]

On August 26, 2005, Articles of Amendment were filed with the Texas Secretary of State for 9ER's Grill @ 359, L.L.C., pursuant to which Article 5 was amended to state "[t]he Company is to be managed by a managing member designated by the members and the initial managing member is Nazeh Salameh Jaser. . ."[11]

Alvarez worked for 9ER's Grill @ Blackhawk as a cook for approximately two years beginning in March of 2006.[12]  The 9ER's

---

[8]Id. at Article 5.

[9]Id. at Article 6.

[10]See Articles of Amendment Pursuant to Article 3.06, Texas Limited Liability Company Act, Attachment 5 to Declaration of Douglas Welmaker, Exhibit A attached to Plaintiffs' Response to Defendants' Motions for Summary Judgment, Docket Entry No. 22.

[11]See Articles of Amendment Pursuant to Article 3.06, Texas Limited Liability Company Act, Attachment 6 to Declaration of Douglas Welmaker, Exhibit A attached to Plaintiffs' Response to Defendants' Motions for Summary Judgment, Docket Entry No. 22.

[12]See Declaration of Ana Alvarez, Exhibit B attached to Plaintiffs' Response to Defendants' Motions for Summary Judgment, Docket Entry No. 22.  See also Affidavit of Nazeh Jaser attached to
(continued...)

Grill @ Blackhawk is located at 9865 Blackhawk Boulevard, Houston, Texas.[13]  Alvarez was initially paid $10.00 per hour, and after a year her pay was raised to $11.00 per hour.[14]  Alvarez also worked as a cook at a 9ER's Grill @ Katy from April 7, 2008, to May 17, 2008.  The 9ER's Grill @ Katy is located at 1315 Grand Parkway, Katy, Texas.[15]

In November of 2008 Alvarez went to the Department of Labor ("DOL") to complain about the lack of overtime pay.[16]  Alvarez identified the establishment about which she was complaining as 9ER's Grill, 1315 Grand Parkway, Katy, Harris County, Texas, and identified Mr. Ali Qattom and Mrs. Ghapa Qattom as the owners of the establishment.[17]  Qattom met with a DOL investigator and agreed

---

[12](...continued)
Defendants 9ER's Grill @ Blackhawk, LLC d/b/a 9ER's Grill and Nazeh S. Jaser's Motion for Summary Judgment, Docket Entry No. 20, p. 2 (stating that "Ana Alvarez was employed as a cook by 9ER's Grill @ Blackhawk, LLC ("Blackhawk") from March 2006 to March 2008").

[13]See Affidavit of Nazeh Jaser attached to Defendants 9ER's Grill @ Blackhawk, LLC d/b/a 9ER's Grill and Nazeh S. Jaser's Motion for Summary Judgment, Docket Entry No. 20, p. 1.

[14]See Declaration of Ana Alvarez, Exhibit B attached to Plaintiffs' Response to Defendants' Motions for Summary Judgment, Docket Entry No. 22.

[15]See Affidavit of Ali Qattom, Exhibit A attached to Defendants 9ER's Grill @ 359, LLC d/b/a 9ER's Grill's Motion for Summary Judgment, Docket Entry No. 21, p. 2.

[16]Id.

[17]See Employment Information Form, included in Attachment 10 to Declaration of Douglas Welmaker, Exhibit A attached to Plaintiffs' Response to Defendants' Motions for Summary Judgment, Docket Entry No. 22.

to pay back wages to Alvarez.  The funds to pay the back wages to Alvarez came from Jaser and 9ER's Grill @ Blackhawk.  Since Jaser was out of the country at the time, Qattom "handled the making of the payment[]."[18]  Alvarez received a cashier's check for $1,690, but never signed any forms or receipts for the check.[19]

On November 19, 2008, the registered agent for 9ER's Grill @ 359 was changed from Naser to Ghada Qattom.[20]

## II.  Procedural Background

On September 30, 2008, Alvarez filed the instant collective action under the FLSA, 29 U.S.C. § 216(b), naming as defendants 9ER's Grill @ Black Hawk, L.L.C., 9ER's Grill @ 359, L.L.C., and Nazeh S. Jaser.  On October 21, 2008, Rey Hernandez filed a consent to join the collective action (Docket Entry No. 4).  On April 3, 2009, plaintiffs filed an amended complaint (Docket Entry No. 16). On April 17, 2009, defendants 9ER's Grill @ Black Hawk and Jaser

---

[18]See Affidavit of Ali Qattom, Exhibit A attached to Defendants 9ER's Grill @ 359, LLC d/b/a 9ER's Grill's Motion for Summary Judgment, Docket Entry No. 21, p. 3.

[19]See Declaration of Ana Alvarez, Exhibit B attached to Plaintiffs' Response to Defendants' Motions for Summary Judgment, Docket Entry No. 22.  See also Affidavit of Nazeh Jaser attached to Defendants 9ER's Grill @ Blackhawk, LLC d/b/a 9ER's Grill and Nazeh S. Jaser's Motion for Summary Judgment, Docket Entry No. 20, pp. 2-3, and Exhibit F attached thereto.

[20]See Statement of Change of Registered Office/Agent, Attachment 11 to Declaration of Douglas Welmaker, Exhibit A attached to Plaintiffs' Response to Defendants' Motions for Summary Judgment, Docket Entry No. 22.

filed a motion for summary judgment (Docket Entry No. 20), and defendant 9ER's Grill @ 359 filed its own, separate motion for summary judgment (Docket Entry No. 21).  On May 7, 2009, Hernandez filed an unopposed motion to dismiss (Docket Entry No. 23), which the court granted the next day (Docket Entry No. 24).

### III.  <u>Standard of Review</u>

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment.  Fed. R. Civ. P. 56(c).  Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S.Ct. 2505, 2511 (1986).  The Supreme Court has interpreted the plain language of Rule 56(c) to mandate the entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  <u>Celotex Corp. v. Catrett</u>, 106 S.Ct. 2548, 2552 (1986).  A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not <u>negate</u> the elements of the nonmovant's case."  <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (<u>en banc</u>), (quoting <u>Celotex</u>, 106 S.Ct. at 2553-2554).  If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond

-6-

the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Id. (citing Celotex, 106 S.Ct. at 2553-2554). In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products Inc., 120 S.Ct. 2097, 2110 (2000). Factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075.

## IV. <u>Analysis</u>

Alvarez seeks to hold defendants liable for violation of the overtime provision of the FLSA, 29 U.S.C. § 207(a). This provision requires employers to pay one and one-half times the employee's regular rate for all hours worked in excess of forty hours per week. Id. Alvarez bears the burden of proving by a preponderance of the evidence: (1) the existence of an employment relationship; (2) that she was engaged in commerce or employed by an enterprise engaged in commerce; (3) that defendants failed to pay her overtime required by the FLSA; and (4) that she is owed the amount claimed by a just and reasonable inference. See id.

Defendants 9ER's Grill @ Black Hawk and Jaser contend that they are entitled to summary judgment because Alvarez is unable to

present evidence showing that she was engaged in commerce or
employed by an enterprise engaged in commerce, and because Alvarez
waived any FLSA claims that she may have had against them by
accepting a payment negotiated by the DOL in settlement of those
claims.  Defendant 9ER's Grill @ 359 reasserts the arguments made
by its co-defendants and argues, in addition, that Alvarez is
unable to present evidence that she ever had an employment
relationship with 9ER's Grill @ 359.  Alvarez argues that her
claims against 9ER's Grill @ Blackhawk and Jaser are covered by the
FLSA because 9ER's Grill @ Blackhawk and 9ER's Grill @ 359 are
subject to enterprise treatment under the FLSA, and that her FLSA
claims were not waived by receipt of a payment negotiated by the
DOL because she never agreed to accept that payment as full
compensation for back overtime wages due for overtime hours worked
at 9ER's Grill @ Blackhawk.

**A.    Motion for Summary Judgment Urged by 9ER's Grill @ 359**

Citing Patel v. Wargo, 803 F.2d 632 (11th Cir. 1986), 9ER's
Grill @ 359 argues that even if the court concludes that it is a
member of an enterprise that includes 9ER's Grill @ Blackhawk, it
is entitled to summary judgment because Alvarez is unable to
present any evidence showing that there ever existed an employment
relationship between her and 9ER's Grill @ 359.[21]  Alvarez does not

---

[21]Defendants 9ER's Grill @ 359, LLC d/b/a 9ER's Grill's Reply
to Plaintiffs' Response to Defendants' Motion for Summary Judgment,
Docket Entry No. 26, p. 2 ¶ 3.

dispute that she has failed to present evidence of an employee-employer relationship between her and 9ER's Grill @ 359.

In Patel the Eleventh Circuit considered whether individual entities making up an FLSA enterprise should be jointly and severally liable for another entity's employees solely because they were members of the enterprise. Id. at 635. The court recognized that "a showing that two entities constitute an enterprise can be the first step in establishing coverage under the FLSA, since coverage is determined in part by an annual dollar volume test." Id. (citing 29 U.S.C. § 206(a)). In addressing the question of joint and several liability, the court first considered that 29 U.S.C. § 206(a) imposes an obligation on each employer in an enterprise to appropriately pay "each of his employees." Id. (emphasis in original). Next, the court looked to the legislative history of the statute, concluding that the "legislative history clearly states the congressional purpose to expand coverage of the Act, i.e., to lump related activities together so that the annual dollar volume test for coverage would be satisfied," but that "[t]he legislative history contains no hint that Congress intended to make employers liable for the employees of a separate entity in the enterprise." Id. at 636. Therefore, the court held that "the enterprise analysis is different from the analysis of who is liable under the FLSA. The finding of an enterprise is relevant only to the issue of coverage. Liability is based on the existence of an employer-employee relationship." Id. at 637.

The undisputed summary judgment evidence establishes that 9ER's Grill @ Blackhawk and 9ER's Grill @ 359 are separately incorporated entities. Alvarez states in her declaration that she was employed by 9ER's Grill @ Blackhawk, and by 9ER's Grill @ Katy, but does not state that she was ever employed by 9ER's Grill @ 359. Moreover, Alvarez has neither presented evidence nor argued that 9ER's Grill @ 359 may be held liable as her employer through a joint employer analysis. See 29 U.S.C. § 207(a)(2)(C), and 29 C.F.R. § 791.2. Absent any evidence that Alvarez ever had an employment relationship with 9ER's Grill @ 359, the court concludes that 9ER's Grill @ 359 is entitled to summary judgment on her claims for unpaid overtime wages under the FLSA.

**B.   Motion for Summary Judgment Urged by 9ER's Grill @ Blackhawk and Jaser**

Defendants 9ER's Grill @ Blackhawk and Jaser contend that they are entitled to summary judgment because Alvarez is unable to present evidence showing that she was engaged in commerce or employed by an enterprise engaged in commerce, and because Alvarez waived any claims that she may have had against them by accepting a payment negotiated by the DOL in settlement of those claims. Without disputing that she is unable to present evidence showing that she was engaged in commerce, or that she did not receive a payment negotiated by the DOL, Alvarez contends that her claims against 9ER's Grill @ Blackhawk and Jaser are not subject to summary judgment because 9ER's Grill @ Blackhawk and 9ER's Grill @ 359 are subject to enterprise treatment under the FLSA, and

because the payment she received did not fully compensate her for overtime hours worked at 9ER's Grill @ Blackhawk.

    1.   <u>Enterprise Theory of Coverage</u>

The minimum wage and overtime provisions of the FLSA apply to employees of "an enterprise engaged in commerce or in the produc-tion of goods for commerce."  29 U.S.C. § 206(a).  "Enterprise engaged in commerce or in the production of goods for commerce" is statutorily defined, <u>inter alia</u>, as "an enterprise whose annual gross volume of sales made or business done is not less than $500,000."  29 U.S.C. § 203(s)(1)(A)(ii).  In their motions for summary judgment, defendants 9ER's Grill @ Blackhawk and Jaser presented evidence that they are not covered employers under the FLSA because 9ER's Grill @ Blackhawk's annual gross volume of sales made or business done is less than $500,000.  Alvarez does not dispute that 9ER's Grill @ Blackhawk lacks sufficient annual sales to qualify as an enterprise under the FLSA.  Instead, Alvarez contends that 9ER's Grill @ Blackhawk and 9ER's Grill @ 359 constitute a single enterprise for purposes of FLSA coverage and that, together, their annual gross volume of sales and/or business done is over $500,000.  Defendants reply that plaintiff offers "no evidence to contradict the clear, unequivocal evidence presented by Defendants that the companies are separate companies, separately managed with no common control and no unified operations."[22]

_____

[22]Defendants 9ER's Grill @ Blackhawk, LLC d/b/a 9ER's Grill and Nazeh S. Jaser's Reply to Plaintiffs' Response to Defendants' Motion for Summary Judgment, Docket Entry No. 25, p. 4 ¶ 6.

(a)  Applicable Law

The FLSA defines the term "enterprise" as

the related activities performed (either through unified
operation or common control) by any person or persons for
a common business purpose, and includes all such
activities whether performed in one or more
establishments by one or more corporate or other
organizational units including departments of an
establishment operated through leasing arrangements. . .

29 U.S.C. § 203(r)(1).   The Fifth Circuit has considered this
statutory definition, its legislative history, and administrative
regulations, and concluded that, despite corporate fragmentation in
operation, a single "enterprise" nevertheless exists for FLSA
purposes where (1) the corporations perform related activities
(2) through unified operation or common control (3) for a common
business purpose.   See Donovan v. Grim Hotel Co., 747 F.2d 966,
969-70 (5th Cir. 1984), cert. denied, 105 S.Ct. 2654 (1985).
Whether an enterprise exists is a conclusion of law.   Id.

(b)  Application of the Law to the Facts

Alvarez argues that 9ER's Grill @ Blackhawk and 9ER's Grill
@ 359 are subject to enterprise coverage under the FLSA because the
two corporations perform related activities through unified
operation and/or common control for a common business purpose.

**(1)  Related Activities**

Related activities are those that are

the same or similar, such as those of the individual
retail or service stores in a chain, or departments of an
establishment operated through leasing arrangements.

-12-

> They are also "related" when they are auxiliary and service activities such as central office and warehousing activities and bookkeeping, auditing, purchasing, advertising and other services.

29 C.F.R. § 779.206(a).  See also Brennan v. Arnheim & Neely, Inc., 93 S.Ct. 1138, 1142 (1973), and Wirtz v. Savannah Bank & Trust Co. of Savannah, 362 F.2d 857, 860 (5th Cir. 1966).

The primary activity of both the 9ER's Grill @ Blackhawk and the 9ER's Grill @ 359 "is to operate a restaurant business."[23]  Both restaurants operate under the same name, i.e., 9ER's Grill, and serve the same signature dish, i.e., a nine-ounce hamburger, and market themselves through the same internet website, www.9ersgrill.com.[24]  The court concludes that both 9ER's Grill restaurants are engaged in related activities within the meaning of the FLSA.  See Grim Hotels, 747 F.2d at 970 (businesses calling themselves hotels and operating as hotels are engaged in related activities for FLSA purposes).  See also Dole v. Bishop, 740 F.Supp. 1221, 1224 (S.D. Miss. 1990) (restaurants operating under the same name that serve the same types of foods within the same format are "undoubtedly similar").

---

[23]See Articles of Incorporation of 9ER's Grill @ 359, L.L.C., Attachment 2 to Declaration of Douglas Welmaker, Exhibit A attached to Plaintiffs' Response to Defendants' Motions for Summary Judgment, Docket Entry No. 22, Article 3, and Articles of Incorporation of 9ER's Grill @ Blackhawk, L.L.C., Attachment 4 to Declaration of Douglas Welmaker, Exhibit A attached to Plaintiffs' Response to Defendants' Motions for Summary Judgment, Docket Entry No. 22, Article 3.

[24]See Attachment 1 to Declaration of Douglas Welmaker, Exhibit A attached to Plaintiffs' Response to Defendants' Motions for Summary Judgment, Docket Entry No. 22.

## (2)  Unified Operations or Common Control

"Common control . . . exists where the performance of the described activities [is] controlled by one person or by a number of persons, corporations, or other organizational units acting together."  29 C.F.R. § 779.221.  "Control . . . includes the power to direct, restrict, regulate, govern, or administer the performance of the activities."  Id.  The term "unified operation," as used in § 3(r) of the FLSA refers to the method of performing related activities.  29 C.F.R. § 779.215(b).  "Unified operation" means:

> combining, uniting, or organizing their performance so that they are in effect a single business unit or an organized business system which is an economic unit directed to the accomplishment of a common business purpose.  The term "unified operation" thus includes a business which may consist of separate segments but which is conducted or operated as a unit for a common business purpose.

29 C.F.R. § 779.217.  Common control or common ownership is not a prerequisite to finding a unified operation.  29 C.F.R. § 779.219.  "The term 'unified operation' has reference particularly to enterprises composed of a number of separate companies . . . .  Where the related activities are performed by a single company, or under other single ownership, they will ordinarily be performed through 'common control,' and the question of whether they are also performed through unified operation will not need to be decided."  Id.  Factors to be considered include:  how centralized is the decision-making authority, whether the businesses were created by

-14-

a single source, how interdependent the businesses are in
operation, and whether they are held out to the public singly or
collectively. Grim Hotels, 747 F.2d at 70.  Defendants argue that
the 9ER's Grills are not under common control or unified operation
because each is owned and operated by a separate corporation.

The 9ER's Grill website gives Qattom credit for the
origination of the 9ER's Grill restaurants and advertises all the
9ER's Grill restaurants under the same name and banner.  The
articles of incorporation filed for both the 9ER's Grill
@ Blackhawk and the 9ER's Grill @ 359 were filed on the same day,
i.e., April 25, 2005, by the same organizer, and identify Naser and
Qattom as members of both corporations.  Amendments filed to both
sets of articles later in 2005 state that "[t]he company is to be
managed by a managing member designated by the members and the
initial managing member is Nazeh Salameh Jaser."[25]  Moreover, Qattom
and Jaser have both submitted affidavits stating that Qattom
represented 9ER's Grill @ Blackhawk during the DOL investigation,
and possessed the authority not only to negotiate with the DOL on
behalf of 9ER's Grill @ Blackhawk, but also to authorize payment of
back wages with funds belonging to 9ER's Grill @ Blackhawk.  Thus,

---

[25]The amendment to the Articles of Incorporation for 9ER's
Grill @ Blackhawk was filed on May 13, 2005, while the amendment to
the Articles of Incorporation for 9ER's Grill @ 359 was filed on
August 26, 2005.  See Attachments 5 and 6 to Declaration of Douglas
Welmaker, Exhibit A attached to Plaintiffs' Response to Defendants'
Motions for Summary Judgment, Docket Entry No. 22.

the undisputed evidence shows that during the time period at issue in this action, both 9ER's Grill @ Blackhawk and 9ER's Grill @ 359 were under common control because Jaser and Qattom held an ownership interest in both restaurants, and that 9ER's Grill @ Blackhawk and 9ER's Grill @ 359 shared unified operations because both restaurants were held out to the public collectively on the 9ER's Grill website, and both restaurants were managed either by Jaser or, in his absence, by Qattom.

### (3)  Common Business Purpose

Activities are performed for a common business purpose if they are "directed to the same business objective or to similar objectives in which the group has an interest."  29 C.F.R. § 779.213.  As explained above, undisputed evidence demonstrates that 9ER's Grill @ Blackhawk and 9ER's Grill @ 359 are related activities because both entities are restaurants that share the same name, the same signature menu item, and the same website, which is used to market all the 9ER's Grill restaurants collectively.  The articles of incorporation for both 9ER's Grill @ Blackhawk and 9ER's Grill @ 359 show that Jaser and Qattom hold an ownership interest in both restaurants and also show that Jaser manages both restaurants.  The court concludes that this evidence shows that both 9ER's Grill @ Blackhawk and 9ER's Grill @ 359 are operated for the common purpose of providing not only complementary food services but also profits for Jaser and Qattom.  Accordingly,

the court concludes that both 9ER's Grill @ Blackhawk and 9ER's Grill @ 359 share a common business purpose. See Dole, 740 F.Supp. at 1225.

        (c)   Conclusions

For the reasons explained above, the court concludes that 9ER's Grill @ Blackhawk and 9ER's Grill @ 359 are members of a single enterprise for FLSA purposes because they are related activities performed under common control and unified operations for a common business purpose. See id. at 1224 ("restaurants operating under the [same] name . . . serv[ing] the same types of foods within the same format . . . were therefore undoubtedly similar").

        2.   Settlement

Defendants Jaser and 9ER's Grill @ Blackhawk contend that they are entitled to summary judgment because Alvarez settled any FLSA claim that she may have against them by accepting payment made at the conclusion of an investigation by the DOL.

        (a)   Applicable Law

The FLSA provides for a waiver of an additional recovery when settlement payments have been supervised by the Secretary of Labor. 29 U.S.C. § 216(c).  For such a waiver to be valid, the employee must agree to accept the payment that the Secretary determines to be due and there must be payment in full.  See Sneed v. Sneed's

-17-

Shipbuilding, Inc., 545 F.2d 537 (5th Cir. 1977).  In Sneed, 545
F.2d at 539, the court held there was adequate supervision where
the DOL official investigated the claim for back wages, determined
the amount owed the employee, presented the check to the employee
on the employer's behalf, and required the employee to sign a
receipt waiving his right to sue.  Id. 545 F.2d at 538-40.

    (b)  Application of the Law to the Facts

        Citing the Back Wages Disbursement and Pay Evidence
Instructions that they received from the DOL, defendants argue that
Alvarez's claims "are barred by settlement of the claims prior to
the filing of this lawsuit."[26]  The DOL Back Wages Disbursement and
Pay Evidence Instructions instructed the employers "to make the
full payment of back wages by 09/03/2008 . . ." and also instructed
the employers to "Send the Wage and Hour Division copies of the
signed WH-58 Receipt Form to the Houston TX District Office as they
are returned to you."[27]  Alvarez states in her declaration, "I
received a cashiers check in certified mail.  There was nothing in
the envelope with the check.  I was never asked to sign any forms

---

    [26]Defendants 9ER's Grill @ Blackhawk, LLC d/b/a 9ER's Grill and
Nazeh S. Jaser's Motion for Summary Judgment, Docket Entry No. 20,
p. 5, and Defendants 9ER's Grill @ 359, LLC d/b/a 9ER's Grill's
Motion for Summary Judgment, Docket Entry No. 21, pp. 5-6.

    [27]Back Wage Disbursement and Pay Evidence Instructions,
Exhibit E attached to Affidavit of Nazeh Jaser, attached to
Defendants 9ER's Grill @ Blackhawk, LLC d/b/a 9ER's Grill and Nazeh
S. Jaser's Motion for Summary Judgment, Docket Entry No. 20, and
Exhibit C attached to Defendants 9ER's Grill @ 359, LLC d/b/a 9ER's
Grill's Motion for Summary Judgment, Docket Entry No. 21, p. 3.

to receive my check.   I did not sign any forms to receive my check."[28]  Defendants do not dispute Alvarez's statements that she neither received nor signed any form releasing her right to bring this action.  Instead, Jaser states in his affidavit that

> [t]he payments would not have been made if we had realized that the Plaintiff[] would take the money and then file a lawsuit. . . Based on the DOL material provided to us, it was my understanding the Plaintiffs were provided with a release and knew that by cashing the checks each was releasing any claims against each of their respective employers.[29]

Because defendants have failed to present any evidence that they either provided Alvarez a form WH-58 to sign, or that Alvarez ever signed such a form releasing her FLSA claims, the court is not persuaded that her claims against Jaser and/or 9ER's Grill @ Blackhawk are barred by settlement of the claims prior to the filing of this action.

(c)  Conclusions

For the reasons explained above, the court concludes that 9ER's Grill @ Blackhawk and 9ER's Grill @ 359 are subject to enterprise treatment under the FLSA, and that neither Jaser nor 9ER's Grill @ Blackhawk has presented evidence showing that the

---

[28]Declaration of Ana Alvarez, Exhibit B attached to Plaintiffs' Response to Defendants' Motions for Summary Judgment, Docket Entry No. 22.

[29]Affidavit of Nazeh Jaser attached to Defendants 9ER's Grill @ Blackhawk, LLC d/b/a 9ER's Grill and Nazeh S. Jaser's Motion for Summary Judgment, Docket Entry No. 20, p. 3.  See also Affidavit of Ali Qattom attached to Docket Entry No. 21 (same).

claims asserted against them in this action are barred by prior settlement.

### V.  Conclusions and Order

For the reasons explained above, Defendants 9ER's Grill @ Blackhawk, LLC d/b/a 9ER's Grill and Nazeh S. Jaser's Motion for Summary Judgment (Docket Entry No. 20) is **DENIED**, and Defendants 9ER's Grill @ 359, LLC d/b/a 9ER's Grill's Motion for Summary Judgment (Docket Entry No. 21) is **GRANTED**.

**SIGNED** at Houston, Texas, on this the 28th day of July, 2009.

SIM LAKE
UNITED STATES DISTRICT JUDGE